ROBERTSON, Presiding Justice,
for the Court:
The Mississippi State Highway Commission filed eminent domain proceedings against Tysons, Inc., in the Special Court of Eminent Domain of Franklin County, to condemn a 1.52 acre strip of land out of a 6-acre tract fronting on the south side of U.S. highways 84 and 98, between the towns of Bude and Meadville. U.S. highways 84 and 98 will be widened to four lanes and hereafter will be limited access highways.
The Petition also stated:
“Petitioner would represent and show that it needs and desires the Right of Immediate Possession as is provided by law.”
Petitioner requested:
“[TJhat this Court will appoint a disinterested, knowledgeable person qualified to make an appraisal of the property and report as provided by Section 11-27-83, Mississippi Code of 1972 Annotated; that upon a final hearing hereof a determination be made as to the amount Petitioner shall pay the Defendant as due compensation; that upon return of a verdict and payment as provided by law, Petitioner be authorized to take and use the property as hereinabove set out.”
Pursuant to the Petitioner’s request, the Court, on October 20, 1977, appointed a “disinterested, knowledgeable person” to appraise the property. The court-appointed appraiser filed his Statement of Values with the Clerk of the Court on October 31st, 1977, and on November 9, 1977, the Court entered its Order granting Petitioner the right of immediate possession, provided Petitioner deposit with the Clerk of Court 85% “of the amount of compensation and damages, as determined by said appraiser.”
On November 17,1977, the Court entered this Order to Disburse Funds:
“The petitioner having heretofore deposited with the Clerk the statutory amount of eighty-five per cent (85%) of the amount of the compensation damages as determined by the court-appointed appraiser;
“It is, therefore, ordered and adjudged that the Clerk be, and she is hereby, authorized and directed to disburse said proceeds as provided by law.”
Thereafter, this cause was tried on January 24,1978, and the jury returned a verdict for $9700 damages.
Appellant contends that there was a total variance between the pleadings filed by the Commission and the proof adduced by the Commission at the trial, that the verdict was not supported by credible evidence as to value, and that the verdict is *941 grossly inadequate and contrary to the overwhelming weight of the evidence.
The Commission filed with the circuit clerk this statement of values:
STATEMENT OF VALUES
Comes now State Highway Commission of Mississippi pursuant to the provisions of Section 11-27-7, Mississippi Code of 1972 Annotated, and would represent and show that (1) the fair market value of the property to be condemned, as of the date of filing the Petition is $6,600.00; (2) the damages to the remainder is $1,100.00; and (3) the total compensation and damages to be due is $7,700.00.
The elements of damage are: Severance damage for loss of utility and temporary easement.
Petitioner would represent and show that the highest and best use of said land is commercial.
Before putting on its only appraiser, Lamar Hooker, counsel for the Commission, repeated, and dictated into the record, the statement of values filed by the Commission. The Commission’s counsel said:
“Judge, may I state for the record that the Appraisal Department for the State Highway Department has placed in the record their estimate of the fair market value of the property to be condemned as of the date of the filing of the petition as $6,600.00. Their position was that the damages to the remainder was $1,100.00, and they filed with their statement of value that the total compensation and damages due is $7,700.00. The appraiser also said that the elements of damages are severance damages for loss of utilities temporary easement and the appraiser for the State Highway Department also said that the petition would show that the — in their opinion — the highest and best use of the land is commercial.”
Lamar Hooker, the Commission’s only appraiser, testified that the total damages suffered by the landowner were $4660.00, that there was no severance damage, and no damage from denial of direct access to the highway.
On direct examination, Hooker also testified:
“Q. Now, the reason I asked you that question, the Highway Department’s appraiser put the highest and best use of the land as commercial. Would that affect you in any way in coming up with the value of it?
“A. I think he is dead wrong.”
Hooker’s appraisal was $3040 less (40% less) than the Commission’s appraisal contained in its filed statement of values.
Mississippi Code Annotated section 11-27-7 (1972) provides in part:
“The statements required by this section shall constitute the pleadings of the parties with respect to the issue of value, and shall be treated as pleadings are treated in civil causes in the circuit court.”
The Commission’s proof thus contradicted at every turn its pleadings. This the Commission cannot do with impunity. This constituted fatal error.
In Sarphie v. Mississippi State Highway Commission, 275 So.2d 381 (Miss.1973), this Court said:
“[A]n eminent domain suit is a peculiar type of action where the condemnor is under a heavy and non-delegable duty and responsibility to pay the defendant landowner the full fair market value of her property.” 275 So.2d at 383.
The Highway Commission failed to meet the burden of proof squarely placed upon it to provide credible evidence as to the value of the property to be taken. We note also that the jury did not view the property because of bad weather.
There is no basis in the record for the jury’s $9700 verdict. Therefore, the judgment of the trial court must be reversed.
*942 A new trial will be granted, unless the Commission, within 15 days from the date this judgment becomes final, agrees to an additur of $5,600, thus making the total judgment $15,300. In the event the additur is approved by the Commission, the judgment will be affirmed, otherwise it will be reversed and the case remanded for a new trial.
AFFIRMED ON CONDITION OF AD-DITUR ON DIRECT APPEAL, OTHERWISE REVERSED AND REMANDED FOR A NEW TRIAL; AFFIRMED ON CROSS-APPEAL.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.